GINA M. CHANG, Bar No. 260747
gchang@littler.com
LITTLER MENDELSON, P.C.
50 W. San Fernando, 15th Floor
San Jose, CA 95113.2303
Telephone: 408.998.4150
Facsimile: 408.288.5686

Attorneys for Defendants
WAL-MART STORES, INC., WAL-MART
ASSOCIATES, INC.

**FILED**

2012 MAR 15 AM 11: 36

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY_____

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

MILOS CRUZ,

Plaintiff,

v.

WAL-MART STORES, INC., WAL-
MART ASSOCIATES, INC., and
DOES 1 through 10, Inclusive,

Defendants.

Case No. **CV12-2192** -JHK (SHX)

**DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT**

[28 U.S.C. §§ 1332, 1441, and 1446]

R MENDELSON, P.C.
San Fernando, 15th
Floor
ose, CA 95113.2303
408.998.4150

1 **TO THE CLERK OF THE ABOVE-ENTITLED COURT, AND TO**
2 **PLAINTIFF MILOS CRUZ AND HIS ATTORNEYS OF RECORD:**

3       **PLEASE TAKE NOTICE** that Defendants WAL-MART STORES, INC. and
4 WAL-MART ASSOCIATES, INC. ("Defendants"), hereby remove the state action
5 described herein, filed in the Superior Court of the State of California, County of
6 Los Angeles, to the United States District Court for the Central District of California,
7 pursuant to 28 U.S.C. sections 1332, 1441, and 1446. Removal is proper based upon
8 complete diversity of citizenship.

9 **I.     PROCEDURAL HISTORY**

10       1.    On January 23, 2012, an action was commenced in the Superior Court of
11 the State of California, County of Los Angeles, Central Judicial District, located in the
12 City of Los Angeles entitled, in short form, *Milos Cruz v. Wal-Mart Stores Inc., Wal-*
13 *Mart Associates, Inc.,* Case No. BC477605.

14       2.    The Complaint alleges three causes of action: (1) "Failure to Guarantee
15 Employment in Violation of The California Family Rights Act (CFRA)";
16 (2) "Discrimination Arising from the Exercise of Rights under The California Family
17 Rights Act (CFRA)" and (3) "Retaliation Arising from the Exercise of Rights under
18 the California Family Rights Act (CFRA)". A true and correct copy of the Complaint
19 is attached hereto as **Exhibit A**.

20       3.    On February 14, 2012, copies of the Summons, Complaint, Civil Case
21 Cover Sheet, Notice of Case Assignment and ADR Information Packet, were served
22 on Defendants. True and correct copies of the Summons, Civil Case Cover Sheet,
23 Notice of Case Assignment and ADR Information Packet are attached as **Exhibit B**.

24       4.    Pursuant to 28 U.S.C. section 1446(d), the attached exhibits constitute all
25 process, pleadings, and orders served upon Defendants or filed or received in this
26 action by Defendants.

27
28

DEFENDANTS' NOTICE OF REMOVAL OF
CIVIL ACTION TO FEDERAL COURT      2.
[28 U.S.C. §§ 1332, 1441, and 1446]

## II.   TIMELINESS OF REMOVAL

5.   This Notice of Removal is timely in that it is filed within thirty (30) days from February 14, 2012, the date Defendants were served. *See* 28 U.S.C. § 1446(b). This Notice of Removal is also timely because it is filed within one (1) year of the date the action was originally filed on January 23, 2012.

## III.   BASIS OF REMOVAL: DIVERSITY JURISDICTION EXISTS.

6.   This Court has original jurisdiction over this civil suit under 28 U.S.C. section 1332(a), and it may be removed to this Court by Defendants pursuant to the provisions of 28 U.S.C. section 1441(a), in that it is a civil action between citizens of different States and the matter in controversy exceeds the sum of $75,000 exclusive of interest and costs.

### A.   Diversity of Citizenship

7.   For removal purposes, diversity jurisdiction is analyzed and must exist "as of the time the complaint is filed and removal is effected." *Strotek Corp. v. Air Transport Ass'n of Am.,* 300 F.3d 1129, 1131 (9th Cir. 2002).

8.   At the time the Complaint was filed, Plaintiff Cruz "is and was a resident of Los Angeles County, State of California." (*See* Complaint, ¶ 1.)  Thus, Plaintiff was and is a citizen of the State of California.

9.   A corporation is deemed to be a citizen of the state in which it has been incorporated and where it has its principal place of business. 28 U.S.C. § 1332(c)(1). The United States Supreme Court has defined a corporation's principal place of business as "where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 175 L. Ed. 2d 1029, 1041 (2010). In practice, this location will be "where the corporation maintains its headquarters." *Id*.

10.   At the time the Complaint was filed and at the time of this notice, Wal-Mart Stores, Inc., and Wal-Mart Associates, Inc. are corporations incorporated under the laws of the State of Delaware.  (See Complaint, ¶ 2.)  They maintain their principal places of business in the State of Arkansas.  The Declaration of Gina M.

DEFENDANTS' NOTICE OF REMOVAL OF
CIVIL ACTION TO FEDERAL COURT           3.
[28 U.S.C. §§ 1332, 1441, and 1446]

1    Chang ("Chang Decl.") is attached hereto as **Exhibit C.** See Chang Decl., ¶ 2.) Thus,

2    Defendants Wal-Mart Stores, Inc. and Wal-Mart Associates, Inc. are not citizens of

3    the State of California, and are, in fact, citizens of a different State than Plaintiff.

4          11.    There are no other identified defendants. Defendants designated as DOES

5    1 through 10 are fictitious defendants, not parties to this action, have not been named

6    or served, and need not consent to removal.  For purposes of removal, the citizenship

7    of defendants sued under fictitious names shall be disregarded.  *See* 28 U.S.C. §

8    1441(a); *McCabe*, 811 F.2d at 1339.

9          **B.**    **Amount in Controversy**

10         12.    District courts have original jurisdiction of all civil actions where the

11   matter in controversy exceeds the sum or value of $75,000 and is between citizens of

12   different states. 28 U.S.C. § 1332(a).

13         13.    In measuring the amount in controversy, a court "must assume that the

14   allegations of the complaint are true and assume that a jury will return a verdict for the

15   plaintiff on all claims made in the complaint." *Kenneth Rothschild Trust v. Morgan*

16   *Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) (internal quotations

17   omitted); *see also Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004);

18   ("[W]e reiterate that the amount-in-controversy inquiry in the removal context is not

19   confined to the face of the complaint.").

20         14.    Here, Plaintiff states that his claimed damages are lost wages, emotional

21   distress  damages,  medical  expenses,  punitive  damages,  and  attorney's  fees.

22   (Complaint, pg. 7.)

23         15.    On March 12, 2012, Plaintiff's counsel made a settlement demand in

24   excess of $75,000.  (Declaration of Gina Chang ("Chang Decl.") ¶ 3, submitted in

25   support of Defendant's Notice of Removal.)  A settlement demand is evidence of the

26   amount in controversy. *Babasa v. Lenscrafters, Inc.* 498 F.3d 972, 957 (9th Cir. 2007)

27   (holding that defendant was on notice of amount in controversy upon receipt of

28   settlement demand in excess of jurisdictional amount); *Cohn v. Petsmart, Inc.*,

DEFENDANTS' NOTICE OF REMOVAL OF
CIVIL ACTION TO FEDERAL COURT    4.
[28 U.S.C. §§ 1332, 1441, and 1446]

1    281 F.3d 837, 840 (9th Cir. 2002) (affirming removal based on plaintiff's demand

2    letter stating the case was "worth more than $100,000 to him"); *Uribe v. Autozone,*

3    *Inc.*, 166 Fed. Appx. 896 (9th Cir. 2006) (affirming district court's denial on motion to

4    remand based on value of the case communicated in a settlement demand letters).

5           16.     In addition, Plaintiff's claim for lost wages, emotional distress damages,

6    combined with the punitive damages claim and attorneys' fees, could be in excess of

7    $75,000.00. *See Richmond v. Allstate Ins. Co.*, 897 F. Supp. 447, 450 (S.D. Cal.

8    1995) (noting that emotional distress damages, although vaguely pled, were

9    potentially substantial); *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir.

10    1999) (plaintiff's claims for pain and suffering and humiliation may properly be

11    factored into the jurisdictional analysis for purposes of removal); *Gibson v. Chrysler*

12    *Corp.*, 261 F.3d 927, 945 (9th Cir. 2001) ("It is well established that punitive damages

13    are part of the amount in controversy in a civil action."); *Galt G/S v. JSS Scandinavia,*

14    the Ninth Circuit held that *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir.

15    1998)("where an underlying statute authorizes an award of attorneys' fees, either with

16    mandatory or discretionary language, such fees may be included in the amount in

17    controversy.").

18           17.     Defendants do not concede Plaintiff's allegations are true or that his

19    claims have any merit. Defendants provide the foregoing only to demonstrate that the

20    amount in controversy, based on the demand and relief sought by Plaintiff, taken as a

21    whole far exceeds the $75,000 jurisdictional requirement. Thus, this Court has original

22    jurisdiction over the claims asserted by Plaintiff in this action based on diversity of

23    citizenship jurisdiction under 28 U.S.C. §§ 1332(a) and 1441(a).

24           18.     Thus, this Court has original jurisdiction over the claims asserted by

25    Plaintiff in this action based on diversity of citizenship jurisdiction under 28 U.S.C.

26    sections 1332(a) and 1441(a).

27

28

DEFENDANTS' NOTICE OF REMOVAL OF
CIVIL ACTION TO FEDERAL COURT       5.
[28 U.S.C. §§ 1332. 1441. and 14461]

1   **IV.   NOTICE TO STATE COURT AND PLAINTIFF**

2        19.   Promptly after filing this Notice of Removal with this Court, Defendants

3   will give notice to Plaintiff's counsel and file a copy with the Clerk of the

4   Los Angeles County Superior Court, as required by 28 U.S.C. section 1446(d).

5   **V.   CONCLUSION**

6        Defendants therefore remove the civil action filed against them in the California

7   Superior Court, County of Los Angeles, to the United States District Court for the

8   Central District of California.

9   Dated:   March 14, 2012                 Respectfully submitted,

10

11

12                                          GINA M. CHANG
                                            LITTLER MENDELSON, P.C.
13                                          Attorneys for Defendants
                                            WAL-MART STORES, INC., WAL-
14                                          MART ASSOCIATES, INC.

15   Firmwide:109812603.1 067307.1033

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' NOTICE OF REMOVAL OF
CIVIL ACTION TO FEDERAL COURT            6.
[28 U.S.C. §§ 1332, 1441, and 1446]

# EXHIBIT A

1   LAW OFFICES OF PELLETIER, MARTIN & ASSOCIATES

Franklin D. Pelletier, Esq. SBN: 45742

2   Janet G. Martin, Esq. SBN 180735

5959 Topanga Canyon Boulevard, Suite 305

3   Woodland Hills, California 91367

Telephone:(818) 348-5340 Facsimile: (818) 348-1860

4

Attorneys for Plaintiff, Milos Cruz

5

6

7              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

8     **FOR THE COUNTY OF LOS ANGELES, CENTRAL JUDICIAL DISTRICT**

9

| | |
|---|---|
| MILOS CRUZ, | CASE NO: **BC477605** |
| Plaintiff, | COMPLAINT FOR: |
| vs. | 1) Failure to Guarantee Employment in Violation of The California Family Rights Act; (CFRA) |
| WAL-MART STORES INC., WAL-MART ASSOCIATES, INC. and DOES 1 through 10, Inclusive, | 2) Discrimination Arising from the Exercise of Rights under The California Family Rights Act; (CFRA) and, |
| Defendants. | 3) Retaliation Arising from the Exercise of Rights under the California Family Rights Act (CFRA). |

18     Plaintiff alleges as follows:

19        1.     At all times herein mentioned Plaintiff MILOS CRUZ ("Plaintiff" herein) is and was

20  a resident of Los Angeles County, State of California.

21        2.     Plaintiff was a member of a protected class under the Fair Employment and Housing

22  Act (Govt. Code, Section 12900 et seq.) ("FEHA," herein) as he was a person entitled to leave

23  pursuant to The California Family Rights Acts. (Govt. Code, Section 12900 a seq.) ("FEHA").

24        3.     Plaintiff is informed and believes that Defendants WAL-MART STORES, INC. and

25  WAL-MART ASSOCIATES, INC. ("WAL-MART Defendants" herein), are Deleware

26  corporations with principal places of business in Los Angeles, California.

27

28  Complaint                       -1-

**CONFORMED COPY**
OF ORIGINAL FILED
Los Angeles Superior Court

JAN 23 2012

John A. Clarke, Executive Officer/Clerk
By _____ Deputy
DAWN ALEXANDER

1  4.    The statutory violations arose and took place in the above-captioned judicial district
2  in Los Angeles County, State of California.

3  5.    The true names or capacities whether individual, corporate, or associate or otherwise,
4  of Defendants named in this action as Does 1 through 10 are unknown to Plaintiff, who, therefore
5  sues such Defendants by such fictitious names; Plaintiff will amend this complaint to show their true
6  names and capacities when they have been ascertained. Plaintiff is informed and believes, and
7  thereon alleges that each of these fictitiously named Defendants is liable in some manner for the acts,
8  occurrences, and statutory violations alleged herein.

9  6.    Plaintiff is informed and believes and upon such information and belief alleges that
10  at all times herein mentioned each of the Defendants was the agent, servant, employee, and co-
11  employer of each of the remaining Defendants and at all times were acting within the purpose and
12  scope of said agency and employment.

13  7.    Plaintiff was at all relevant times employed by the WAL-MART Defendants.
14  Plaintiff was an employee eligible for benefits under the California Family Rights Act (CFRA), as
15  he had been employed full time with WAL-MART Defendants since April of 2009, and had worked
16  more than 1250 hours in the year preceding the leave to which he was entitled.

17  8.    The WAL-MART Defendants are subject to the provision of FEHA because they
18  employ more than five (5) people in California. Plaintiff is informed and believes that the Employer
19  Defendants are subject to the provisions of CFRA because they employ more than fifty (50)
20  employees.

21  9.    In May of 2011 Plaintiff's Eighty- Six year old grandmother who had acted as his
22  mother since his birth, and with whom he had lived almost continuously since his birth, became ill.
23  On May 13th Plaintiff was advised that she was terminal stage 4 cancer. Plaintiff was her sole
24  caregiver. Plaintiff requested a leave of absence to help care for her at home with the occasional help
25  of hospice. WAL-MART Defendants were informed and aware of the facts necessary to determine
26  that Plaintiff's grandmother stood "in loco parentis" to Plaintiff; i.e. that she had taken the place of
27
28  Complaint                                    -2-

1  Plaintiff's mother throughout Plaintiff's life.

2      10.    WAL-MART Defendants granted Plaintiff's request for a leave of absence.  Shortly

3  thereafter, on same day, WAL-MART Defendants terminated Plaintiff's employment.

4      11.  Plaintiff is informed and believes that his employment was terminated because he

5  requested the CFRA leave.

6      12.    Plaintiff has duly exhausted his administrative remedies and has received "Notice of

7  Case Closure" and "Right to Sue" letters from the Department of Fair Employment and Housing.

8                 **FOR A FIRST CAUSE OF ACTION**

9              **(FOR FAILURE TO GUARANTEE EMPLOYMENT AND**

10     **VIOLATION OF THE CALIFORNIA FAMILY RIGHTS ACT & FEHA)**

11                *(Government Code, Section 12945.2)*

12      13.    Plaintiff incorporates by reference as though set forth in full herein, each and

13  every allegation contained in paragraph 1 through 12, inclusive.

14      14.    The Defendant Employers were employers covered by The California Family

15  Rights Act (CFRA) because they employed fifty (50) or more full time or part time employees.

16  Plaintiff was entitled to the benefits of CFRA because he worked for defendant for more than one

17  year and had at least one thousand two hundred and fifty (1250) hours of service in the year

18  preceding his CFRA leave.

19      15.    On or about May of 2006 Plaintiff requested a leave of absence to care for a

20  serious health condition of a family member.  Plaintiff's leave was initially approved, however

21  later that same day, his employment was terminated.  This leave qualified as a covered leave

22  under CFRA because it was to care for a qualified person with a serious health condition.

23      16.    Such conduct violates various provisions of FEHA including *Government Code*

24  Section 12945.2 because the WAL-MART Defendants, and each of them, refused to allow

25  plaintiff to take his maximum allowable leave, and instead, terminated his employment.

26      17.    As a proximate result of the said violation of CFRA, Plaintiff has suffered mental

27

28  Complaint                       -3-

1    anguish and emotional suffering in an amount in excess of the minimum jurisdiction of this court

2    and according to proof at trial.

3        18.    As a further proximate result of said violation of CFRA, Plaintiff has incurred and

4    will continue to incur medical expenses in an amount according to proof at the time of trial.

5        19.    As a further proximate result of said violation of CFRA as aforepled, Plaintiff has

6    suffered a loss of tangible employment benefits including lost wages and fringe benefits in an

7    amount in excess of the minimum jurisdiction of the court and according to proof.

8        20.    As a further proximate result of the Defendants' violation of CFRA, Plaintiff was

9    required to and did retain attorneys, and is accordingly entitled to an award of attorneys fees

10   according to proof.

11       21.    The aforepled conduct constitutes malice, oppression, or fraud, thereby entitling

12   Plaintiff to an award of punitive damages against the Employer Defendant, and each of them.

13   The WAL-MART Defendants, acting through an officer, director or managing agent authorized

14   or ratified the aforepled conduct giving rise to punitive damagees, or were personally guilty of

15   oppression, fraud, or malice.

16

17                        **FOR A SECOND CAUSE OF ACTION**

18   **(FOR DISCRIMINATION BASED ON THE EXERCISE OF RIGHTS UNDER THE**

19      **CALIFORNIA FAMILY RIGHTS ACT & FEHA AGAINST THE WAL-MART**

20                                **DEFENDANTS)**

21           *(Government Code, Sections 12940(a), 12940 (k) & 12945.2)*

22       22.    Plaintiff incorporates by reference as though set forth in full herein, each and

23   every allegation contained in paragraphs 1 through 21, inclusive.

24       23.    On or about May of 2006 Plaintiff requested a leave of absence to care for a

25   serious health condition of a family member.   Plaintiff's leave was initially approved, however

26   later that same day, his employment was terminated. This leave qualified as a covered leave

27

28   Complaint                          -4-

1  under CFRA because it was to care for a qualified person with a serious health condition.

2      24.    Such conduct violates various provisions of FEHA including Government Code

3  Section 12945.2 because the WAL-MART Defendants, and each of them, refused to allow

4  plaintiff to take his maximum allowable leave, and instead, terminated his employment. The

5  CFRA makes it unlawful for an employer "to refuse to hire, or to discharge, fine, suspend, expel,

6  or **discriminate** against, any individual because of" his or her "exercise of the right to family

7  care and medical leave...". *Government Code* §12945.2)l)(1).

8      25.    As a proximate result of said discrimination, Plaintiff has suffered mental anguish

9  and emotional suffering in an amount in excess of the minimum jurisdiction of this court and

10  according to proof at trial.

11      26.    As a further proximate result of said violation of FEHA, Plaintiff has incurred and

12  will continue to incur medical expenses in an amount according to proof at the time of trial.

13      27.    As a further proximate result of said violation of FEHA as aforepled, Plaintiff has

14  suffered a loss of tangible employment benefits including lost wages and fringe benefits in an

15  amount in excess of the minimum jurisdiction of the court and according to proof.

16      28.    As a result of said violations of FEHA Plaintiff was required to and did retain

17  attorneys and is accordingly entitled to an award of attorneys fees according to proof.

18      29.    The aforepled conduct constitutes malice, oppression, or fraud, thereby entitling

19  Plaintiff to an award of punitive damages against the Employer Defendants.  The WAL-MART

20  Defendants, acting through an officer, director or managing agent authorized or ratified the

21  aforepled conduct giving rise to punitive damagees, or were personally guilty of oppression,

22  fraud, or malice.

23  // // //

24  // // //

25  // // //

26

27

28  Complaint         -5-

## FOR A THIRD CAUSE OF ACTION

### (FOR RETALIATION BASED ON THE EXERCISE OF RIGHTS UNDER THE CALIFORNIA FAMILY RIGHTS ACT AND FEHA AGAINST THE WAL-MART DEFENDANTS)

30.   Plaintiff incorporates by reference as though set forth in full herein, each and every allegation contained in paragraphs 1 through 29, inclusive.

31.   On or about May of 2011 Plaintiff requested a leave of absence to care for a serious health condition of a family member.   Plaintiff's leave was initially approved, however later that same day, his employment was terminated.  This leave qualified as a covered leave under CFRA because it was to care for a qualified person with a serious health condition.

32.   Plaintiff is informed and believes that he was terminated in retaliation for exercising his CFRA rights.  Such conduct violates *Government Code* Section 12945.2.

33.   As a proximate result of said retaliation, Plaintiff has suffered mental anguish and emotional suffering in an amount in excess of the minimum jurisdiction of this court and according to proof at trial.

34.   As a further proximate result of said violation of FEHA, Plaintiff has incurred and will continue to incur medical expenses in an amount according to proof at the time of trial.

35.   As a further proximate result of said violation of FEHA as aforepled, Plaintiff has suffered a loss of tangible employment benefits including lost wages and fringe benefits in an amount in excess of the minimum jurisdiction of the court and according to proof.

36.   As a result of said violations of FEHA Plaintiff was required to and did retain attorneys and is accordingly entitled to an award of attorneys fees according to proof.

37.   The aforepled conduct constitutes malice, oppression, or fraud, thereby entitling Plaintiff to an award of punitive damages against the Employer Defendants.  The WAL-MART Defendants, acting through an officer, director or managing agent authorized or ratified the

Complaint                                      -6-

1  aforepled conduct giving rise to punitive damages, or were personally guilty of oppression, fraud,
2  or malice.

3  **DEMAND FOR JURY TRIAL**

4  Plaintiff hereby demands a trial by jury.

5  WHEREFORE Plaintiff prays for damages against Defendants and each of them as
6  follows:

7  1. For damages for lost wages and other employment benefits according to proof;

8  2. For emotional distress and mental injury damages according to proof;

9  3. For damages for past and future medical expenses according to proof;

10  4. For punitive damages against all Defendants;

11  5. For pre-judgment interest for breach of contract;

12  5. For attorneys' fees according to proof; and,

13  6. For such and other further relief as the Court deems just and proper.

14

15  DATED: JANUARY 20, 2012                    LAW OFFICES OF PELLETIER, MARTIN
                                               & ASSOCIATES
16

17                                     By:_____
                                              FRANKLIN D. PELLETIER, ESQ.
18                                            JANET G. MARTIN, ESQ.
                                              Attorneys for Plaintiff,
19                                            MILOS CRUZ

20

21

22

23

24

25

26

27

28  Complaint                              -7-

# EXHIBIT B

**SUM-100**

CORRECTED
Amended

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:** WAL-MART STORES INC., WAL-MART
**(AVISO AL DEMANDADO):** ASSOCIATES, INC. and DOES 1 through 10, Inclusive

2/14 1:55pm

**FOR COURT USE ONLY**
**(SOLO PARA USO DE LA CORTE)**

**CONFORMED COPY**
**ORIGINAL FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

JAN 3 0 2012

John A. Clarke, Executive Officer/Clerk

BY _____ , Deputy
Mary Flores

**YOU ARE BEING SUED BY PLAINTIFF:** MILOS CRUZ
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>(El nombre y dirección de la corte es):<br>Superior Court of California, County of Los Angeles<br>111 North Hill Street<br>Los Angeles, California 90012 | **CASE NUMBER:**<br>(Número del Caso):<br>BC477603 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: FRANKLIN D. PELLETIER, ESQ.
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
LAW OFFICES OF FRANKLIN D. PELLETIER & ASSOCIATES
5959 Topanga Canyon Blvd., Suite 305, Woodland Hills, California 91367                           (818) 348-5340

| DATE: 2012<br>(Fecha) | **JOHN A. CLARKE, CLERK** Clerk, by<br>(Secretario) | Mary Flores | , Deputy<br>(Adjunto) |
|---|---|---|---|

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):
   *Walmart Stores Inc.*
3. ☒ on behalf of (specify):
   under: ☒ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
           ☐ other (specify):
4. ☐ by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
Westlaw Doc & Form Builder

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | |
|---|---|
| FRANKLIN D. PELLETIER, ESQ.          SBN: 45742 | **CONFORMED COPY** |
| LAW OFFICES OF PELLETIER, MARTIN      e-mail: fdplaw@yahoo.com | OF ORIGINAL FILED |
| 5959 Topanga Canyon-Blvd., Suite 305, Woodland Hills, California 91367 | Los Angeles Superior Court |
| TELEPHONE NO.: (818) 348-5340      FAX NO.: (818) 348-1860 | |

ATTORNEY FOR (Name): MILOS CRUZ

**JAN 23 2012**

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles, 90012
BRANCH NAME: Stanley Mosk Courthouse

John A. Clarke, Executive Officer/Clerk
By _____ Deputy
DAWN ALEXANDER

CASE NAME: MILOS CRUZ  vs.  WAL-MART et. al.

| **CIVIL CASE COVER SHEET** | | **Complex Case Designation** | CASE NUMBER: **BC 477605** |
|---|---|---|---|
| [X] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| **Auto Tort** | **Contract** | **Provisionally Complex Civil Litigation** |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | (Cal. Rules of Court, rules 3.400–3.403) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Other collections (09) | [ ] Construction defect (10) |
| **Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse | [ ] Insurance coverage claims arising from the |
| [ ] Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | types (41) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Enforcement of Judgment** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] Enforcement of judgment (20) |
| [ ] Defamation (13) | [ ] Commercial (31) | **Miscellaneous Civil Complaint** |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| **Employment** | [ ] Petition re: arbitration award (11) | [ ] Other petition *(not specified above)* (43) |
| [X] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is  [X] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties   d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve      in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [X] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [X] punitive
4. Number of causes of action *(specify):*
5. This case [ ] is  [X] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: January 20, 2012

FRANKLIN D. PELLETIER, ESQ.
(TYPE OR PRINT NAME)                              ▶ _____
                                                  (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courtinfo.ca.gov*<br>Westlaw Doc & Form Builder |
|---|---|---|

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) (*if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto*)

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability (*not asbestos or
    toxic/environmental*) (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) (*not civil
    harassment*) (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      (*not medical or legal*)
  Other Non-PI/PD/WD Tort (35)

**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract (*not unlawful detainer
        or wrongful eviction*)
    Contract/Warranty Breach–Seller
      Plaintiff (*not fraud or negligence*)
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage (*not provisionally
    complex*) (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property (*not eminent
      domain, landlord/tenant, or
      foreclosure*)

**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) (*if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential*)

**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    (*arising from provisionally complex
    case type listed above*) (41)

**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment (*non-
      domestic relations*)
    Sister State Judgment
    Administrative Agency Award
      (*not unpaid taxes*)
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case

**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint (*not specified
    above*) (42)
    Declaratory Relief Only
    Injunctive Relief Only (*non-
      harassment*)
    Mechanics Lien
    Other Commercial Complaint
      Case (*non-tort/non-complex*)
    Other Civil Complaint
      (*non-tort/non-complex*)

**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition (*not specified
    above*) (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition

CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Page 2 of 2

| SHORT TITLE: CRUZ vs. WAL-MART et. al. | CASE NUMBER | BC477605 |
|---|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☒ YES  CLASS ACTION? ☐ YES  LIMITED CASE? ☐ YES  TIME ESTIMATED FOR TRIAL 4-5  ☐ HOURS/ ☒ DAYS

**Item II. Indicate** the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

### Applicable Reasons for Choosing Courthouse Location (see Column C below)

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 2. |
| | | ☐ A7221  Asbestos – Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1., 4. |
| | Other<br>Personal Injury<br>Property Damage<br>Wrongful Death<br>(23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1., 4. |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1., 3. |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

SHORT TITLE: CRUZ   vs.   WAL-MART et. al.

CASE NUMBER

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** | Wrongful Termination (36) | ☒ A6037  Wrongful Termination | 1., (2.), 3. |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109  Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012  Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation          Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032  Quiet Title | 2., 6. |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 2 of 4

SHORT TITLE: CRUZ vs. WAL-MART et. al.    CASE NUMBER

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108 Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115 Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151 Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152 Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153 Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review (39) | ☐ A6150 Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003 Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007 Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006 Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035 Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036 Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014 Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141 Sister State Judgment | 2., 9. |
| | | ☐ A6160 Abstract of Judgment | 2., 6. |
| | | ☐ A6107 Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140 Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114 Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112 Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033 Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030 Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040 Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011 Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000 Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113 Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121 Civil Harassment | 2., 3., 9. |
| | | ☐ A6123 Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124 Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190 Election Contest | 2. |
| | | ☐ A6110 Petition for Change of Name | 2., 7. |
| | | ☐ A6170 Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100 Other Civil Petition | 2., 9. |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE: CRUZ   vs.   WAL-MART et. al. | CASE NUMBER |
|---|---|

**Item III.** Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., Step 3 on Page 1, as the proper reason for filing in the court location you selected.

| REASON:  Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.<br><br>☐1. ☒2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS:<br>26471 CARL BOYER DRIVE |
|---|---|
| CITY:<br>SANTA CLARITA | STATE:<br>CA | ZIP CODE:<br>91350 |

**Item IV.** *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the LOS ANGELES _____ courthouse in the LOS ANGELES/Central District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: January 20, 2012 _____

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet, Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).
5. Payment in full of the filing fee, unless fees have been waived.
6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 4 of 4